SCHOTT, Judge.
Dr. Harold W. Thatcher and Jerome W. Black have appealed from a judgment removing them as co-executors of the Succession of Theodore K. Lawless. The issue is whether the record supports the trial court’s decision to remove them because of their mismanagement of the estate.
Dr. Lawless, a Chicago resident, died there on May 1, 1971. Pursuant to his last will and testament The Continental Illinois National Bank & Trust Company of Chicago, Thatcher and Black were appointed his co-executors. In these ancillary proceedings made necessary because of the succession’s ownership of immovable property here, Thatcher and Black were appointed *1009 co-executors.[1] The succession property in Louisiana is an apartment complex, known as Evangeline Apartments, consisting of thirteen units in four buildings adjacent to Dillard University in New Orleans. Under the provisions of decedent’s will this property is to be placed in trust with Dillard becoming a principal beneficiary of the trust. In February, 1981, Dillard filed a petition to remove Thatcher and Black on the ground that they have failed to maintain the property as required by law and as ordered by the court appointing them coex-ecutors on March 31, 1976.
The evidence is uncontradicted that these apartments are in rundown condition. Black himself admitted this, characterizing their condition as “terrible” and “deplorable.” He offered in evidence a letter he wrote to the tenants in the complex on December 7, 1976, in which he set forth his plans to improve the property. However, nothing was done to implement these plans. As a result the apartments have not had a good occupancy rate. At the time of the trial two had been vacant for over 32 months and three for over 18 months. In contrast, a comparable apartment complex adjacent to the Evangeline Apartments, known as Gentilly Gardens, has been almost one hundred percent occupied, one out of eight being vacant at the time of the trial but with a waiting list for occupancy in these apartments.[2]
The only explanation offered by Thatcher and Black for their neglect of the apartments was that the funds collected from tenants, amounting to over $20,000, were held by the bank in Illinois and it refused to release such funds.
As succession representatives appellants were charged with the duty of preserving and managing this property in the manner of prudent administrators. LSA C.C.P. Arts. 3191 and 3221. Their failure to perform these duties made them subject to removal by the court. Art. 3182. Almost five years had passed under their management when this action was commenced and they offered no satisfactory excuse for their failure to perform their duties. The record does not explain why they transmitted these rental receipts to the bank in Chicago without withholding sufficient sums to maintain the property and if they were hampered in the discharge of their duties by the bank there is no reason why they could not have applied to the court for appropriate relief against the bank. Even if sufficient funds were not available from rent receipts they could have availed themselves of the provisions of C.C.P. Art. 3228 authorizing the court to permit a succession representative to borrow money for the purpose of preserving succession property.
The record supports the decision of the trial court to remove these executors, and the judgment appealed from constitutes a sound exercise of the discretion of the trial court in such matters. Hamilton v. McKee, 371 So.2d 1115 (La.1979).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.

. The bank did not apply for confirmation as co-executor because it is a foreign corporation not qualified to do business in Louisiana. See C.C.P. Art. 3097 and R.S. 12:302.

. Thatcher and Black objected to testimony concerning the Gentilly Gardens Apartments as irrelevant but the trial judge properly overruled this objection.